# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| ALVON A. THOMAS<br>    FED. REG. # 00836-094 | CIVIL ACTION NO. 2:10-cv-301 |
| | SECTION P |
| VERSUS | |
| | JUDGE PATRICIA MINALDI |
| J. YOUNG | MAGISTRATE KATHLEEN KAY |

## REPORT AND RECOMMENDATION

Before the court is a *pro se* petition for writ of *habeas corpus* filed by Alvon A. Thomas pursuant to 28 U.S.C. § 2241 on February 11, 2010. At the time of filing, the petitioner was an inmate in the custody of the Federal Bureau of Prisons (BOP) and was incarcerated at the Federal Correctional Institution, Oakdale (FCIO), Oakdale, Louisiana. Petitioner named FCIO Warden J.P. Young as his respondent herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the matter be **DISMISSED WITHOUT PREJUDICE.**

*Statement of the Case*

Petitioner seeks *habeas corpus* relief pursuant to 28 U.S.C. §2241 which provides in pertinent part that "[t]he writ of *habeas corpus* shall not extend to a prisoner unless – [h]e is in custody in violation of the Constitution or laws or treaties of the United States..." 28 U.S.C.

§2241(c)(3).

Here, petitioner claims that he was deprived of good-time credits. More specifically, he complains about two prison incident reports which resulted in disciplinary sanctions. Both reports stem from the same incident which occurred on September 3, 2008. First, he was charged with refusing to obey the order of a staff member in violation of the prohibited act code 307.[1] According to petitioner, he was placed in the special housing unit as a result of this charge. (Doc. 1, p. 7). Next, he was charged with possession of marijuana in violation of the prohibited act code 113. (Doc. 1, p. 12). This resulted in, among other sanctions, the forfeiture of good time credits.[2] According to petitioner, he was not afforded due process in regard to the issuance of the reports or in regard to the DHO findings.

Petitioner prays for the expungement/reversal of the disciplinary convictions (and presumably restoration of the lost good time credits ) as well as compensatory damages.

*Law and Analysis*

Information on the Bureau of Prisons website confirms that petitioner was released on September 23, 2010. *See* Federal Bureau of Prisons, http://www.bop.gov (last visited May 23, 2011). Although an action "is not moot simply because a § 2241 petitioner is no longer in custody," it is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 Fed. Appx. 256, 257 (5th Cir. Feb.22, 2007) (citing *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir.1969); *Bailey v. Southerland*, 821 F.2d 277,

---

[1] *See Thomas v. Stansbury*, 1:09-cv-336 (U.S. District Court, Eastern District of Virginia (Alexandria), Doc. 1-2, p.22). There, petitioner advanced the same claims that he makes in the present case. *Stansbury* was dismissed on October 13, 2009, for failure to respond to an amend order. (Doc. 7).

[2] *See Thomas v. Stansbury*, 1:09-cv-336 (Doc. 1, p. 4).

278 (5th Cir.1987)).

The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exist at all stages of federal court proceedings. *Bailey*, 821 F.2d at 278. A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Adair v. Dretke*, 150 Fed. Appx. 329, 331 (5th Cir. Oct.6, 2005) (citation omitted).

The main thrust of the current petition was for petitioner to receive an accelerated release from confinement based upon the restoration of lost good time credits. Because petitioner was released this court can no longer provide him with that relief.[3]

## *Conclusion and Recommendation*

Petitioner's main objective in bringing this habeas action was to have this court restore lost good time credit, resulting in an accelerated release from confinement. Since petitioner was released from incarceration, there is no longer a case or controversy to litigate. Therefore his habeas claims are moot. Accordingly it is respectfully **RECOMMENDED**: That petitioner's claims herein be **DISMISSED** as moot.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or

---

[3] Further, petitioner's claims for monetary damages based on constitutional deprivations could not be addressed in his habeas corpus proceeding. Habeas corpus relief is appropriate only when a state prisoner attacks the fact or duration of confinement. *See Preiser v. Rodriguez,* 411 U.S. 475 (1973). Challenges to a state action that would not result in a definite reduction in the length of confinement are properly brought under 42 U.S.C. § 1983. In his claims of cruel and unusual punishment and defamation, petitioner, a federal prisoner, is challenging his

3

response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Serv. Auto. Ass'n***, 79 F.3d 1415 (5th Cir.1996).**

THUS DONE this 27th day of May, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

conditions of confinement, not the fact or duration of his confinement.